IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIAN L. RUSSELL,

    Petitioner,

  vs.

CIVIL ACTION
No. 11-3056-SAC

STATE OF KANSAS, et al.,

    Respondents.

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in the Marion County Jail and proceeds pro se. He filed a motion for leave to proceed in forma pauperis (Doc. 2); however, because that motion is not supported by a statement of the balance in his jail account, he will be directed to supplement the record.[1]

**Background**

Petitioner was convicted in the District Court of Sedgwick

---

[1] D. Kan. R. 9.1(g) requires an incarcerated pro se petitioner to submit "a certificate executed by an authorized officer of the institution...stating the amount of money or securities on deposit to his...credit in any account in the institution."

County, Kansas, in 2009. He was sentenced to a term of twenty-four months and lifetime supervision. He did not appeal.

In early 2011, petitioner received a probation violation hearing. He appears to complain that he did not receive adequate assistance because his original counsel was not assigned to assist him. The court has found no record of an appeal.

**Discussion**

Petitioner appears to contend he has been subjected to cruel and unusual punishment as a result of the imposition of lifetime post-release supervision. He states he did not exhaust state court remedies because he received ineffective assistance of counsel at the guilty plea, and he specifically claims he was not advised of appellate remedies.

Pursuant to 28 U.S.C. § 2254(b)(1), a petition for habeas corpus may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state remedy is available. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). It is long-settled that federal courts generally should not review habeas corpus claims until a state prisoner exhausts available state remedies. *Picard v. Connor*, 404 U.S. 270, 275 (1971). This requirement is met when the state appellate courts have had the opportunity to consider the same claims presented

to the federal court, or when the petitioner has no state remedy. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924 (1992).

There is a one-year limitation period for presenting a federal habeas corpus action. 28 U.S.C. § 2244(d).[2] On the facts stated in the petition, it does not appear that petitioner could timely present a federal habeas corpus petition, as the limitation period began to run no later than mid-2009.

However, "the timeliness provision in the federal habeas

---

[2] The statute provides:
(1) A –year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S.Ct. 2549, 2554 (2010). A prisoner may be entitled to such tolling if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2652 (internal citations omitted). *See also Woodward v. Williams,* 263 F.3d 1135, 1142–43 (10th Cir. 2001) (stating that "AEDPA's statute of limitations is subject to equitable tolling only when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control") (quotation and citation omitted).

Accordingly, the court will grant petitioner an opportunity to identify any grounds for equitable tolling in this matter. If he fails to present an adequate basis for such tolling, or if he fails to respond, this matter will be dismissed.

Finally, the court notes that petitioner may be allowed to present his claims to the state courts by a post-conviction action. The court offers no opinion on whether that remedy remains available.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including May 20, 2011, to provide a financial statement from jail authorities showing the current balance, if

any, in his account there.

IT IS FURTHER ORDERED petitioner is granted to and including May 20, 2011, to identify any basis for equitable tolling. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 20th day of April, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge