IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIAN L. RUSSELL,

    Petitioner,

              CIVIL ACTION
 vs.            No. 11-3056-SAC

STATE OF KANSAS, et al.,

    Respondents.


MEMORANDUM AND ORDER

 This matter is an action for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. By its order of August 16, 2011, the court directed petitioner to supplement the record with an explanation of his efforts to obtain relief in the state courts. Petitioner filed a timely response and a financial statement (Doc. 8).

 Having considered the financial records submitted by the petitioner, the court first grants the motion for leave to proceed in forma pauperis.

 Next, the court's review of the record and the petitioner's response shows that he is presently pursuing a state post-conviction action to correct an illegal sentence, as he states a hearing was scheduled in the District Court of Sedgwick

County, Kansas, for late September 2011.

It is settled that a petitioner must exhaust available state court remedies before commencing a petition for federal habeas corpus relief. *See Montez v. McKinna*, 208 F3d 862, 866 (10th Cir. 2000)(exhaustion is required whether state prisoner proceeds under § 2254 or § 2241). In the Tenth Circuit, a habeas petitioner fulfills the exhaustion requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 942 (1992).

Petitioner appears to recognize that he has not exhausted state court remedies, as he asks the court to defer ruling on this matter until the state district court enters a ruling. (Doc. 8, p. 2). While the district courts have the authority to issue a stay in a habeas corpus action in limited circumstances, the court finds that a stay is not appropriate here because it appears the one-year limitation period for filing a habeas corpus action under 28 U.S.C. § 2244(d)(1) had expired before the petitioner commenced the pending state court action. The petition states that the petitioner was convicted in March 2009 and sentenced in April 2009 (Doc. 1, p. 1), and the court has

2

found no record of a direct appeal.  It therefore appears the limitation period ran without interruption and expired in 2010.[1]

Because the limitation period expired before petitioner sought post-conviction relief in the state court, his request for a stay must be denied as futile.

### Conclusion

Having studied the record, the court concludes the present action should be dismissed.  Petitioner did not commence this action within the one-year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED this matter is dismissed, and petitioner's request for a stay is denied.

A copy of this order shall be transmitted to the petitioner.

---

[1] If petitioner filed any other state court action to challenge his conviction or sentence, he may file a motion for reconsideration of this order.  Any such motion should be supported by specific information concerning the state court action, including where and when it was filed, the case number, the issue presented, and the date of any final decision.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 30th day of November, 2011.


                S/ Sam A. Crow
                SAM A. CROW
                United States Senior District Judge